**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**TERRY VINCENT KREMER,**

        **Petitioner,**

**v.**                              **Civil Action No. 3:20-CV-84**
                                                     **(GROH)**

**R. HUDGINS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On May 21, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a federal inmate housed at Gilmer FCI in the Northern District of West Virginia.  He appears to be challenging the conditions of his confinement and the validity of his conviction and sentence imposed in the United States District Court for the Southern District of Iowa.  Id.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that claims 1 and 2 of the Petition be dismissed without prejudice, and that claims 3 and 4 of the Petitioner be dismissed with prejudice.

1

## II.    FACTUAL AND PROCEDURAL HISTORY[1]

### A.    Conviction and Sentence

On January 13, 2005, Petitioner was convicted by a jury of Count 1 of the indictment, which charged conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  ECF Nos. 113, 114, 175.  Petitioner was further convicted upon his plea of guilty to Count 2 which charged him with creating a risk of harm to human life, in violation of 21 U.S.C. § 858.  ECF Nos. 171, 175.  On August 2, 2005,  Petitioner was sentenced to 280 months of imprisonment on Count 1, and 120 months on Count 2, with those sentences to be served concurrently with one another.[2]  ECF Nos. 171, 175.

### B.    Direct Appeal

A review of the docket and PACER shows that Petitioner did not file an appeal with the Eighth Circuit Court of Appeals.

### C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255[3]

On January 20, 2015, Petitioner filed a motion to vacate under § 2255.  ECF No. 1.  On July 16, 2015, Petitioner amended his motion to vacate.  ECF No. 6.  The motion argues the prior offenses used to qualify him as a career offender were no longer considered as crimes of violence, following the holding in <u>Johnson v. United States</u>, 135

---

[1]  All CM/ECF references in facts sections II.A, and II.B., refer to entries in the docket of Criminal Action No. 3:04-CR-144, in the Southern District of Iowa.

[2]  The judgment was imposed at the sentencing hearing held August 2, 2005, but the judgment was not filed with the Clerk until August 3, 2005.  ECF Nos. 114, 175.  An amended judgment was filed on August 10, 2005.  ECF No. 171.

[3]  All CM/ECF references in facts section II.C. refer to entries in the docket of Civil Action No. 4:15-CV-24, in the Southern District of Iowa.

S.Ct. 2551 (2015).  Id.  The district court entered an order dismissing the motion to vacate on January 29, 2016.  ECF No. 15.  The order summarized some of the sentencing factors with numerous citations to the Presentence Report (PSR):

> The PSR recommended that Kremer be sentenced as a career offender under the guidelines, see U.S.S.G. §§ 4B1.1, 4B1.2(a)(2),1 based on his prior convictions of a "crime of violence." Crim. Case, PSR ¶ 46, ECF No. 174. The multiple predicate crimes in Kremer's case were Iowa convictions for third degree burglary. PSR ¶¶ 46, 56-59. At sentencing Kremer argued, among other things, that his 1999 conviction for third-degree burglary would not qualify as a crime of violence under the "otherwise involves conduct that presents a serious potential risk of physical injury to another" clause, also called the "residual clause," because the structure was a portable concession stand that was more like a vehicle than a commercial building. The Court at sentencing rejected Kremer's argument, explaining that "[t]he Eighth Circuit has taken a categorical approach to these considerations and the Eighth Circuit has previously found that burglary of a commercial structure is, in fact, a crime of violence," and it ruled that Kremer's 1999 burglary conviction was a crime of violence under the career offender provisions. . . . the Court sentenced Kremer as a career offender with a base offense level of 40 and criminal history Category VI, yielding a guideline range of 360 months to life imprisonment.  Kremer received a variance pursuant to 18 U.S.C. § 3553(a), and the Court sentenced him to 280 months on the conspiracy count and 120 months on the endangering human life count, to be served concurrently.
>
> . . . .
>
> Based on the discussion at sentencing regarding the nature of Kremer's 1999 burglary, his conviction qualified as a "crime of violence."

Id. (cleaned up).

On June 28, 2016, Petitioner sought permission to file a second or successive motion to vacate from the Eighth Circuit Court of Appeals in their docket 16-2914. However, that Court denied Petitioner's motion on November 1, 2017.  ECF No. 21.

### D.      Claims in Instant § 2241 Petition

Petitioner asserts four claims for relief.  While not a model of clarity, it appears that Petitioner complains: (1) that the Bureau of Prisons (BOP) "willingly brought COVID-19 in to FCI Gilmer" and exposed him to COVID-19 less than three years from satisfying his sentence;  (2) that his Due Process rights were violated by his indictment in the Southern District of Iowa, which charged him with "something that can't be proved or disproved beyond a reasonable doubt"; (3) that the trial judge was no longer bound by the mandatory United States Sentencing Guidelines and erred when he designated Petitioner as a career offender under Guidelines § 4B1.1; and (4) that Petitioner's sentence was improper because he was eligible for a two-level reduction to his base offense level, which should have resulted in a lower sentence under the Guidelines.  ECF No. 1.  For relief, Petitioner requests that: (1) his sentence be vacated; (2) his career offender enhancement be vacated; (3) his 782 motion be granted; and (4) and he be resentenced to 235 months. ECF No. 1 at 8.

### III.      LEGAL STANDARDS

### A.      Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b)

Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

# IV.   ANALYSIS

Before addressing each ground raised by Petitioner, the Court notes that Petitioner failed to exhaust any of his administrative remedies as to his conditions of confinement or as to his challenges to his conviction or sentence.  ECF No. 1 at 8.  Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."  McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)).  Notwithstanding this failure, the Court addresses each ground raised in his § 2241 petition.

## A.   Petitioner's First Ground for Relief: Challenge to Sentence

Petitioner asserts that he is entitled to the writ of habeas corpus on the theory that the Bureau of Prisons intentionally introduced COVID-19 into the facility where he is housed.[5]  ECF No. 1 at 5.  Petitioner does not seek specific relief as to this ground, but rather asserts that "[l]etting the BOP risk [his] life with under 3 years until [he] can be released to a halfway house would [ ] be an injustice [and] would violate the Constitution."  ECF No 1-1 at 2.  The only specific relief which Petitioner requests in his petition is to be

---

[5] Petitioner does not assert that he has suffered any medical injury or claim that he has been refused medical treatment.  Rather, he asserts that the Bureau of Prisons through the transfer of inmates to FCI Gilmer has exposed him to COVID-19, as he nears the end of his sentence.

To the extent that Petitioner's claim relates to his conditions of confinement, this Court recognizes that a petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that confinement.  Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973).  "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus."  Id. at 498.

resentenced to 235 months, instead of the 280-month sentence currently imposed.  ECF No. 1 at 8.  To the extent that Petitioner contends that the BOP's failure to provide him with a COVID-19 free environment until the satisfaction of his sentence, the Court views this claim as a challenge to Petitioner's sentence.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation

bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.     The date on which the judgment of conviction becomes final;

    b.     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

8

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's first argument does not rely on newly discovered evidence or a new

rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

Relief under § 2241 is unavailable to Petitioner as to his first claim regarding his sentence.  Petitioner challenges his sentence because he claims that the BOP willfully exposed him to COVID-19.[8]  Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits.  However, Petitioner does not cite to any substantive law change that has been deemed to apply retroactively on collateral review.  As such, Petitioner fails to satisfy the second prong of the <u>Wheeler</u> test, and the undersigned need not address the other prongs of the <u>Wheeler</u> test as to Petitioner's first ground for relief.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).   Accordingly, the undersigned recommends that the Petitioner's first claim should be dismissed without prejudice.

**B.    Petitioner's Second Ground for Relief: Challenge to Conviction**

Relief under § 2241 is unavailable to Petitioner as to his second claim regarding his conviction.  Petitioner challenges his conviction because he claims that his indictment in the Southern District of Iowa was defective.  ECF No. 1 at 6.  Because Petitioner is

---

[8]  To the extent that this claim is deemed to be a challenge to his conditions of confinement, see Note 5 above.

challenging his conviction in a § 2241, he must meet all three prongs of the Jones test for this Court to have jurisdiction to hear his challenge on the merits.

The second prong of the Jones test requires that, "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal."  Petitioner cannot meet the second prong of Jones, because there has been no change to the settled substantive law, and because there was no change, nothing can be deemed to apply retroactively on collateral review.

The crimes Petitioner was convicted of committing—conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 841, and creating a risk to human life while illegally manufacturing controlled substances, in violation of 21 U.S.C. § 858—are still a violation of law.  Therefore, Petitioner cannot satisfy the second prong of Jones.  Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.  Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v.

Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).    Accordingly, the undersigned recommends that the Petitioner's second claim should be dismissed without prejudice.

### C.    Petitioner's Third Ground for Relief: Challenge to Sentence

Petitioner's third claim for relief is that he was improperly designated a career offender under United States Sentencing Guidelines 4B1.1.  Petitioner concedes that he has previously raised this ground for relief in his § 2255 motion to vacate.  ECF No. 1 at 7.  The argument presented here is the same argument Petitioner has previously asserted in his § 2255 motion in the Southern District of Iowa, case number 4:15-CV-24.  The denial of that claim by the district court was entered January 29, 2016.  S.D. Ia. 4:15-CV-24, ECF No. 15.  Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim.  See 28 U.S.C. § 2244(a).  In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241.  See e.g., George v. Perill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981).

The District Court for the Southern District of Iowa has denied Petitioner's request to vacate his career offender designation.  Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. Accordingly, the undersigned recommends that this third claim of the petition be dismissed with prejudice.

Further, even if the Court were to consider Petitioner's third claim substantively, he is not entitled to relief under § 2241.  Even if Petitioner meets the first, second[9], and third prongs of <u>Wheeler</u>, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  <u>See</u> <u>Lester v. Flournoy</u>, 909 F.3d 708, 715 (4th Cir. 2018).  In <u>Lester</u>, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-<u>Booker</u>[10] when the sentencing Guidelines were mandatory.  <u>Id.</u> at 714. <u>Booker</u> was decided on January 12, 2005, nearly seven months before Petitioner was sentenced on August 2, 2005.

Further, the <u>Lester</u> Court explicitly noted that had Lester's career offender misclassification occurred under the post-<u>Booker</u>, <u>advisory</u> Guidelines, his petition would have been barred as failing to meet the fourth <u>Wheeler</u> prong.  <u>Id.</u> at 715 ("<u>Foote</u>[11] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-<u>Booker</u>, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or

---

[9]  In this case there has been no substantive change in the law which would allow Petitioner to meet the second prong of <u>Wheeler</u>.

[10]  United States v. Booker, 543 U.S. 220 (2005).

[11]  In <u>United States v. Foote</u>, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The <u>Foote</u> Court concluded that such a claim was not cognizable under § 2255.  <u>Foote</u>, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  <u>Id.</u> at 936 (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)).  The <u>Foote</u> Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  <u>Id.</u> at 940, 944.

constitutional provision." Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  Id. at 716.

Because Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

### D.    Petitioner's Fourth Ground for Relief: Challenge to Sentencing

Petitioner's fourth claim for relief is that he was improperly sentenced offender under the United States Sentencing Guidelines, and was not given a reduced sentence commensurate with the two-level downward departure he was granted.  ECF No. 1 at 6 - 7.  The argument presented here is the same argument Petitioner has previously asserted in his motion for sentence reduction filed in the Southern District of Iowa, case number 3:04-CR-144.  The denial of that claim by the district court was entered November 19, 2015.  S.D. Iowa 3:04-CV-144, ECF No. 202.  As discussed in section IV.C. above, pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim.  Further, that rule applies to petitions filed under both 28 U.S.C. § 2255 and 28 U.S.C. § 2241.

14

The District Court for the Southern District of Iowa has already denied Petitioner's request to reduce his sentence on the fourth ground raised by Petitioner herein.  Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. Accordingly, the undersigned recommends that this fourth claim of the petition be dismissed with prejudice.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Claims 1 and 2 of the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.** Further, the undersigned **RECOMMENDS** that Claims 3 and 4 of the petition [ECF No. 1] be **DENIED** and **DISMISSED WITH PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:        February 4, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE